**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3071
_____

ZONG LUAN OUYANG, A/K/A PHILIP CHI HO MAK,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A097-332-148)
Immigration Judge:  Annie S. Garcy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2024
_____

Before:  CHAGARES, Chief Judge, ROTH and RENDELL, Circuit Judges

(Filed: September 13, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**CHAGARES**, <u>Chief Judge</u>.

Zong Luan Ouyang petitions for review of a Board of Immigration Appeals ("BIA") decision denying his second motion to reopen. For the reasons that follow, we will dismiss in part and deny in part the petition for review.

I.[1]

Ouyang is a native and citizen of China who has been in removal proceedings since 2005. An Immigration Judge denied his applications for asylum and withholding of removal and ordered him removed in 2006. The BIA dismissed his appeal. Ouyang moved to reopen his proceeding in 2011, claiming changed country conditions in China. The BIA denied the motion.

Ouyang filed his second motion to reopen — the subject of the instant petition for review — ten years later, in July 2021. Relying on the Supreme Court's decision in <u>Niz-Chavez v. Garland</u>, 593 U.S. 155 (2021), Ouyang argued that the Notice to Appear ("NTA") initiating his immigration proceeding was defective and that he wished to reopen his case to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1). He alternatively sought sua sponte reopening,[2] claiming that the change in the law creates an exceptional circumstance warranting relief.

---

[1] We write for the parties and therefore recite only those facts pertinent to our decision.
[2] Sua sponte reopening is a misnomer because a motion is required. It is a request to the BIA to waive the procedural requirements for a motion to reopen and exercise its discretion to reopen the proceeding. <u>See</u> <u>Darby v. Att'y Gen.</u>, 1 F.4th 151, 164 n.3 (3d Cir. 2021).

The BIA concluded that the motion was time- and number-barred. The BIA declined to reach Ouyang's argument that the Supreme Court's decision in Niz-Chavez warranted equitable tolling, instead relying on Ouyang's concession that he was ineligible for cancellation of removal. It also declined to sua sponte reopen Ouyang's case. The BIA therefore denied Ouyang's motion to reopen. Ouyang then timely filed this petition for review.

II.

Motions to reopen are disfavored and are granted only under compelling circumstances. Darby v. Att'y Gen., 1 F.4th 151, 159 (3d Cir. 2021). We review the BIA's denial of a motion to reopen for abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The decision will be reversed only if it is arbitrary, irrational, or contrary to law. Id.

A.

The BIA may deny a motion to reopen if the movant fails to establish prima facie eligibility for the underlying substantive relief being sought. I.N.S. v. Abudu, 485 U.S. 94, 104 (1988). Ouyang moved to reopen for the purpose of applying for cancellation of removal. Cancellation of removal may be granted if, among other things, the petitioner has been physically present in the United States for a continuous period of not less than ten years and his removal would result in exceptional and extremely unusual hardship to a qualifying United States citizen relative. Pareja v. Att'y Gen., 615 F.3d 180, 185–86 (3d Cir. 2010).

In his motion to reopen, Ouyan acknowledged that he does not have a qualifying

3

relative for purposes of cancellation of removal. The BIA therefore did not abuse its discretion in denying his motion because, regardless of whether the motion is deemed timely, Ouyang would be ineligible for the underlying substantive relief he sought. See Abudu, 485 U.S. at 104.

Ouyang argues that the BIA erred in declining to consider equitable tolling because he filed his second motion to reopen within ninety days of learning of the Niz-Chavez decision. He further contends that, under Niz-Chavez, he has continued to accrue physical presence in the United States since 2005. These claims are to no avail. Equitable tolling is irrelevant because, regardless of timeliness, Ouyang lacks a qualifying relative, a separate requirement from physical presence that renders him ineligible for the underlying relief he seeks. Ouyang thus did not produce evidence establishing a reasonable likelihood that he is entitled to cancellation of removal. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004) (observing that prima facie eligibility requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish entitlement to relief). Because a motion to reopen must establish prima facie eligibility for relief, see id., we are unpersuaded by Ouyang's claims on appeal.

B.

Ouyang also sought sua sponte reopening under 8 C.F.R. § 1003.2(a), which grants the BIA discretion to reopen a case at any time. We lack jurisdiction to review a discretionary denial of sua sponte reopening. Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011). We do, however, have jurisdiction to consider whether the BIA misperceived the relevant law. Id.

4

Ouyang claims that <u>Niz-Chavez</u> is a fundamental change in the law warranting reopening. Yet the BIA determined that <u>Niz-Chavez</u> is irrelevant given that Ouyang is ineligible for cancellation of removal due to his lack of a qualifying relative. Ouyang has not identified any "false legal premise" on which the BIA relied in reaching that conclusion. <u>Pllumi</u>, 642 F.3d at 160. We are unpersuaded that Ouyang has invoked our jurisdiction by raising a colorable claim that the BIA misperceived the relevant law. <u>See</u> <u>Pareja</u>, 615 F.3d at186 (observing that a legal claim is not colorable if "it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (quotation marks omitted)). We therefore will dismiss for lack of jurisdiction Ouyang's challenge to the BIA's denial of sua sponte reopening.

### III.

For the foregoing reasons, we will dismiss the petition for review in part for lack of jurisdiction to the extent it challenges the BIA's denial of sua sponte reopening and we will deny it in remaining part.